IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| XAVIER JOHNSON, <br> AIS #222878, <br><br> Plaintiff, <br><br> v. <br><br> KIM THOMAS, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 2:14-CV-403-MEF <br> ) [WO] <br> ) <br> ) <br> ) <br> ) <br> ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Xavier Johnson ["Johnson"], an indigent state inmate incarcerated at the Limestone Correctional Facility, initiated this 42 U.S.C. § 1983 action in June of 2014. After reviewing the complaint, the court determined that those claims relating to actions "which occurred on or before May 22, 2012 are barred by the two-year period of limitation applicable to 42 U.S.C. § 1983 actions filed in this court. *Owens v. Okure*, 488 U.S. 235, 249-250 (1989) (The proper statute of limitations for § 1983 suits is the forum state's general or residual statute of limitations for personal injury actions.); *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) ("All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's case] was brought in Alabama where the governing

limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his [case] heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run."). *Order of June 6, 2014 - Doc. No. 4* at 2.

In light of the foregoing, the court ordered Johnson to file an amended complaint, provided detailed instructions advising Johnson of the manner in which to file the amended complaint and furnished him a copy of the form used by prisoners to file civil actions to aid in filing the amended complaint. *Id*. at 2-3. Specifically, the court instructed Johnson to file an amended complaint raising "claims arising from alleged policies of the defendant that relate to actions taken against him since May 22, 2012." *Id*. at 2. The court cautioned Johnson that his failure to file an amended complaint in compliance with the directives of the order would result in a Recommendation that this case be dismissed. *Id*. at 3. The time allowed Johnson to file the amended complaint expired on July 11, 2014. *Order of June 20, 2014 - Doc. No. 6*. As of the present date, Johnson has failed to file an amended complaint as required by this court.

In light of Johnson's failure to file the necessary amended complaint, the court concludes that this case should be dismissed without prejudice. *Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir.2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply, noting that

inmate was provided with "a standard form [and] a clear description of what her complaint should contain...." ); *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to file an amended complaint as directed by the orders of this court. It is further

ORDERED that **on or before August 13, 2014**, the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the

former Fifth Circuit issued prior to September 30, 1981.

Done this 30th day of July, 2014.

                                         /s/Charles S. Coody
                                 CHARLES S. COODY
                                 UNITED STATES MAGISTRATE JUDGE